


MAR 2 2 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRISON KEITH HUMPHREY | § | |
| | § | |
| VS. | § | C.A. NO. C-00-87 |
| | § | |
| SONYA HANSFORD, ET AL. | § | |

## ORDER VACATING NOTICE OF DEFICIENT PLEADING AND DENYING *IN FORMA PAUPERIS* STATUS

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this complaint under 42 U.S.C. 1983 on February 28, 2000. He seeks leave to proceed *in forma pauperis* (D.E. 2). On March 2, 2000, the Court entered a notice of deficient pleading, ordering plaintiff to file a certified copy of his inmate trust fund account statement (D.E. 7). For the reasons stated below, the notice of deficient pleading (D.E. 7) is hereby VACATED.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, is prohibited from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). The test for determining whether the plaintiff is in imminent danger of serious physical injury is applied at the time

the ifp application is filed. <u>Baños v. O'Guin</u>, 144 F.3d 883 (5th Cir. 1998).

Plaintiff, while incarcerated, has had at least three proceedings dismissed as frivolous, malicious, or for failure to state a claim:

(1) C.A. 2:98-cv-399 (Corpus Christi Division, Dec. 11, 1998);

(2) C.A. 2:98-cv-363 (Corpus Christi Division, April 16, 1999);

(3) C.A. 4:98-cv-4319 (Houston Division, August 5, 1999);

(4) C.A. 2:98-cv-463 (Corpus Christi Division, May 14, 1999);

(5) Appeal No. 99-40717 (5th Cir. December 15, 1999).

Plaintiff's lawsuit concerns an incident that occurred on March 19, 1998, when he was stabbed by another inmate with a shank. He has sued nearly 250 defendants, most of whom appear to be prison guards, wardens, and others who work at the McConnell Unit. Allegations that he was subject to physical injury in the past does not satisfy the imminent danger exception. <u>Medberry v. Butler</u>, 185 F.3d 1189 (11th Cir. 1999). He claims to be in imminent danger now because of an incident that occurred on January 5, 2000. Plaintiff contends that another inmate was allowed to shoot a shank at him on that date, and that he was put near this inmate in retaliation for his grievances and lawsuits. Plaintiff's allegations fail sufficiently to allege or establish that he is in imminent danger of serious physical injury.

2

The allegations are conclusory, and do not allege that he was injured or is likely to be injured by this inmate.

Accordingly, plaintiff's application to proceed ifp is DENIED. Plaintiff may pay the $150 filing fee within thirty days of the date of this order. Failure to pay the full filing fee within the time allowed may result in dismissal of this action for want of prosecution.

ORDERED this __21__ day of __March__, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

3

ClibPDF - www.fastio.com